

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 15, 1958

Honorable Noah Kennedy, Jr.
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. WW-367

Re: If a vacancy occurs in the
office of County Attorney
prior to the general elec-
tion in a year when the
office of County Attorney
is not up for election, can
the vacancy be filled at
the next general election

Dear Mr. Kennedy:

and related questions.

We have received your letter of August 26th in
which you ask the following questions:

"(1)  If a vacancy occurs in the office of
County Attorney prior to the general election in
a year when the office of County Attorney is not
up for election, can the vacancy be filled at
said general election?

"(2)  Assuming that the answer to question
number (1) is 'yes', what are the possible ways
for a candidate to get his name on the ballot for
the office of County Attorney in the general elec-
tion?

"(3)  If it is possible for a candidate to
get his name on the ballot as an independent, when
must his application be filed and does the general
law pertaining to independents apply to the prere-
quisites for getting his name on the ballot?

"(4)  If the County Attorney tenders his
resignation before the general election 'to take
effect on January 1, 1959', does this create a
vacancy on the date of tender such as would permit
such vacancy to be filled at the next general
election?

"(5)  If you have answered question Number (3) to the effect that the general law relating to independents does apply and that his prerequisites for getting his name on the ballot are the same as those prescribed in said general law, then must each of the persons who signed his petition have refrained from voting in both the last prior primary and the last prior runoff primary election of either political party?"

Section 21 of Article V of the Constitution of Texas provides in part as follows:

"  . . . In case of vacancy the Commissioners Court of the county shall have the power to appoint a County Attorney until the next general election. . . . "  (Emphasis added).

Article 2355 of Vernon's Civil Statutes provides:

"The court shall have power to fill vacancies in the office of:  . . . County Attorney, . . . Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election."  (Emphasis added).

In our opinion, when a vacancy occurs in the office of County Attorney, such vacancy is to be filled initially by an appointment by the Commissioners' Court, and a successor is to be elected at the next general election following the occurrence of the vacancy.  Sterrett v. Morgan, 294 S.W.2d 201 (Tex. Civ. App., 1956); Attorney General's Opinion WW-426 (1958); Attorney General's Opinion S-215 (1956).  This general rule is probably subject to the qualification that in order for a valid election to be held for the unexpired term, the existence of the vacancy must become known in sufficient time prior to the date of the election to put the public on notice that the vacancy is to be filled at that election.  See Cunningham v. Queen, 96 S.W.2d 798, 800, Headnote 2 (Tex. Civ. App., 1936, error dism.).  Without passing on the question of whether a valid election could be held where the vacancy occurs too late for candidates to have their names placed on the ballot, we think it is clear that a valid election can be held if the vacancy occurs within the statutory time for nomination of independent candidates even though there is no statutory method provided for the making of party nominations. Gilmore v. Waples, 188 S.W. 1037 (Tex. Sup., 1916); Sterrett v. Morgan, supra; Attorney General's Opinion S-215.  As thus

qualified, your first question is answered "yes."

In your second question you ask what are the possible ways for a person to get his name on the ballot as a candidate for an unexpired term in the office of County Attorney. Article 6.01 of the Election Code provides that no name shall appear on the official ballot except that of a candidate who was actually nominated either as a party nominee or as a non-partisan or independent candidate. If the vacancy occurs in sufficient time for party nominations to be made in the primary elections, both party and independent nominations for an unexpired term are subject to the same regulations as nominations for a full term. If a vacancy occurs in a state or district office too late for a nomination to be made in the primary election, the proper executive committee of a political party may nominate a party candidate as provided in Article 6.04 of the Election Code, but the county executive committee of a political party cannot make an original nomination for a county office in circumstances of this nature. Gilmore v. Waples, supra; Attorney General's Opinion S-215. In Gilmore v. Waples, it is stated that a political party may select a nominee in any manner not contrary to law and agreeable with party usage where no statutory provision is made for nomination. From later cases it appears that the county convention could select a nominee for a county office, or the nomination could be made in the state convention in the event the county convention did not make a nomination. Brewster v. Massey, 232 S.W.2d 678 (Tex. Civ. App., 1950); Williams v. Huntress, 272 S.W.2d 87 (Tex. Sup., 1954). There has been no decision on whether any other method of nomination for a county office would be open to a political party where the vacancy occurs too late for a nomination to be made in the regular county and state conventions, but as a practical matter it appears that there is no feasible way for a political party to make a nomination after its conventions have been held. In case of vacancies in county offices occuring too late for party nominations to be made, the only way for a candidate to have his name placed on the ballot is as an independent candidate. Candidates may also run as write-in candidates without having their names printed on the ballot. Sterrett v. Morgan, supra.

In answer to your third question, in the event a prospective candidate desires to run for the unexpired term of the office of County Attorney as an independent, his candidacy would be subject to the provisions of Articles 13.50 - 13.53, Texas Election Code, except as noted below. In our opinion, the deadline for filing the application and consent to become a candidate (which would be September 22, 1958, for the 1958 general election) is not controlling where the vacancy

occurs too late to afford candidates a reasonable time to complete and file their applications before the deadline. In Sterrett v. Hyer, Cause No. 16,058 in the Dallas Court of Civil Appeals, decided on October 5, 1956 (opinion not reported), the Court had under consideration the question of whether the deadline for filing was controlling in the following situation. A vacancy had occurred in the office of Judge of a County Court at Law on September 1, 1956, but it was not finally determined that a vacancy in that office was subject to being filled at the 1956 general election until the Court of Civil Appeals rendered its decision in Sterrett v. Morgan, 294 S.W.2d 201, on September 28, 1956. After that decision, and subsequent to the statutory deadline, the person who had been appointed to fill the vacancy filed his application as an independent candidate. The Court held that under the circumstances of the case the candidate had not had a reasonable opportunity to comply with the letter of the law in the matter of the filing of his application as an independent candidate and that the application should be received and acted upon by the County Judge in the same manner as though it had been filed within thirty days after the second primary election. By similar reasoning, we think candidates are entitled to a reasonable time within which to file their applications after the vacancy occurs, but in any event the application must be filed in sufficient time to permit the election officers to have the ballots prepared in accordance with statutory requirements. What constitutes a reasonable time for candidates to file for the office of County Attorney of Nueces County will be a matter for the initial determination of the County Judge, the officer with whom the applications are to be filed.

The answer to Question No. (4) depends upon when a vacancy occurs. We have found no statute regulating the resignation of a County Attorney to take effect at a future date. Article 4.09 of the Election Code relates to vacancies to be filled by a special election only, and since vacancies in the office of County Attorney are to be filled by appointment until the next general election, such statute is not applicable. However, it may be noted that the provision in Article 4.09 permitting the holding of a special election prior to the effective date of a resignation to become effective at a future date was added because the Legislature was of the opinion that express statutory authority was necessary to enable the holding of an election for an unexpired term prior to the date on which the resignation became effective. See Attorney General's Opinion O-5093 (1943) for a discussion of the background of this amendment, popularly called the "Garner Amend-

ment." It seems to us that if the incumbent County Attorney resigns before the general election of 1958, with such resignation to be effective after the general election of 1958, no vacancy would occur so as to allow his successor to be elected at the general election of 1958.

Since no nomination for the office of County Attorney of Nueces County was made at either of the primary elections in 1958, we are of the opinion that signers of the independent's application to have his name placed on the ballot need not have refrained from voting in either of the two primary elections.

## SUMMARY

Vacancies in the office of County Attorney are to be filled by the Commissioners' Court, such appointee to serve until his successor is elected at the next general election.

If the vacancy occurs too late for party nominations to be made, the only way candidates may run in the general election is as independent candidates or write-in candidates.

Articles 13.50 - 13.53, Election Code, govern the candidacy of independent candidates for an unexpired term in the office of County Attorney, except that the statutory deadline for filing the application and consent to candidacy is not controlling where the vacancy occurs too late to afford the candidates a reasonable time to complete and file their applications before the deadline.

If a resignation is submitted before the general election, with such resignation to be effective after the general election, no vacancy would occur so as to allow a successor to be elected at the general election between the date on which the resignation was submitted

Honorable Noah Kennedy, Jr., Page 6 (WW-367).

and the date on which it was to become effective.

When there has been no nomination made in the primary election, signers of an independent's application to have his name on the ballot need not have refrained from voting in the primary.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

W. E. Allen

Jack Goodman

Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert